**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

ROBERT L. KORDAN,

     *Plaintiff*,

                                           CASE NO. 21-cv-11419

v.

                                           DISTRICT JUDGE THOMAS L. LUDINGTON

BARBARA RIGG, et al,                                MAGISTRATE JUDGE PATRICIA T. MORRIS

     *Defendants*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON SCREENING OF THE COMPLAINT**

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED**.

**II.     REPORT**

     **A.     Introduction**

On June 7, 2021, Plaintiff Robert L. Kordan filed the instant *pro se* Complaint against 11

Defendants. (ECF No. 1). On June 24, 2021, U.S. District Judge Thomas L. Ludington referred

all pretrial matters to the undersigned Magistrate Judge. (ECF No. 4.) Plaintiff applied to proceed

*in forma pauperis* (IFP) (ECF No. 2) and his application was granted on July 15, 2021. (ECF

No. 6.)

In his Complaint, Plaintiff lists several U.S. codes, and some Michigan state codes, as a

basis for federal question jurisdiction. Citing these various statutes, Plaintiff complains that "the

defendants took my wife[,] lied [and] said she died[,] gave me false documents[,] and committed

several U.S. code violations in order to hide the truth." (ECF No. 1, PageID.6.) Plaintiff alleges

that Defendants were involved in a plot wherein his wife was declared deceased, but, Plaintiff

alleges, he is unsure as to whether she actually passed away, and if she is still alive, Defendants

are keeping his wife from him. (*See id*. at PageID.9-13.)

Plaintiff seeks relief in the form of the following information: "whereabouts of my

spouse/wife, whom [sic] signed and date false documents, payment for stress grief and emotional

distress, and my wishes of [cremation] as verbally agreed. With all involved and the theft of

personal property $75,000 to $200,000." (*Id*. at PageID.7.)

### B.      Governing Law

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C.

§ 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil

actions IFP. *See Bruce v. Samuels*, 577 U.S. 82, 85 (2016). That power, presently codified at 28

U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system

by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*,

651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the

public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*

*v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a

screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs

proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

C.     **Analysis**

Plaintiff cites several federal and state statutes in support of his Complaint. However, none of these statutes provide this Court with jurisdiction over the matter. I will address each in turn.

1.     **18 U.S.C. § 1349**

"Title 18 U.S.C. § 1349 imposes criminal penalties on persons who attempt or conspire to commit health care fraud. Because 18 U.S.C. § 1349 doesn't provide a private right of action, Diaz' claim under this criminal statute fails as a matter of law." *Diaz v. Perez*, No. 16-11860, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing *Collins v. Mortg. Elec. Registration Sys., Inc.*, No. 3:11–cv–00264, 2012 WL 610191 (M.D. Tenn. Feb. 24, 2012) (dismissing claims brought under 18 U.S.C. §§ 1349, 1346, and 1350)). "To the extent Diaz asserts claims under 18 U.S.C. §§ 1349, 1951, 1956, this Court is without subject matter jurisdiction because these criminal statutes provide no right of action for private parties." *Diaz*, 2016 WL 6871233, at *5.

Because this statute provides no private right of action, any claims based on it should be dismissed.

### 2.    18 U.S.C. § 1201

In *Milam v. Southaven Police Department*, the plaintiff alleged a claim under the Federal Kidnapping Act (18 USCS § 1201(a)). However, "[t]o the extent [plaintiff] is asserting a cause of action arising under the federal criminal kidnapping statute, there is no private right of action. This is a civil action. Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute." *Milam v. Southaven Police Dept.*, 2015 WL 1637937, *7 (W.D. Tenn. Apr. 13, 2015) (citing *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir.2001); *Collins v. Mortg. Elec. Registration Sys.*, No. 3:11–cv–00264, 2012 WL 610191, at *4 (M. D. Tenn. Feb. 24, 2012); *Hopson v. Shakes*, No. 3:12CV–722–M, 2013 WL 1703862, at *2 (W. D. Ky. Apr. 19, 2013)). "[A]n individual cannot file criminal charges. Therefore, the federal kidnapping criminal statute cannot support a basis for subject matter jurisdiction in this civil action." *Milam,* 2015 WL 1637937, at *7. Similarly, here, this statute provides no basis under which Plaintiff can properly bring his claims.

### 3.    18 U.S.C. § 242

"The claims under 18 U.S.C. § 242 . . . fail because § 242 does not give rise to a private right of action." *Perkins v. Proctor and Gamble Pharmaceutical Co.*, No. 20-1200, 2021 WL 1392996, *2 (citing *Smalls v. Riviera Towers Corp.*, 782 F. App'x 201, 206 (3d Cir. 2019); *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *United States v. Philadelphia*, 644 F.2d 187 (3d Cir.

1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242); *Jones v. Sussex Correctional Institute*, 725 F. App'x 157 n.3 (3d Cir. 2017)). "Because Plaintiffs cannot bring criminal charges against Defendants through a private lawsuit, and § 242 does not give rise to a civil cause of action, the claims raised under § 242 are legally frivolous and will be dismissed." *Perkins*, 2021 WL 1392996, at *2. So too here, any claims brought under this statute should be dismissed.

### 4.   18 U.S.C. § 2

"18 U.S.C. § 2[:] As the district court noted in its order granting [defendant] partial dismissal, there is no private right of action under this statute." *Hooker v. Hooker*, No. 11-cv-02252, 2014 WL 2433985, at *9 (W.D. Tenn. May 28, 2014) (adopting report and recommendation) (citing *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190-91 (1994); *Anderson v. Ballou*, No. 12-70-GFVT, 2012 WL 3027679 (E.D. Ky. July 24, 2012) ("18 U.S.C. § 2 does not define a crime; rather it makes punishable as a principal one who aids or abets the commission of a substantive crime. Being there is no substantive offense, there can be no aiding and abetting.") (internal quotation marks & citation omitted)). The same is true in this case, and claims brought under this statute should be dismissed.

### 5.   18 U.S.C. Chapter 47

"Chapter 47 is part of the criminal code. The criminal code does not provide a private right of action to private citizens, which means that Mathers (or any other individual citizen)

cannot bring a lawsuit based on its statutory provisions." *Mathers v. HSBC Bank*, No. 16-9572, 2018 WL 3831529, at *5 (N.D. Ill. Aug. 13, 2018) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting that a private right of action is not inferred from a criminal prohibition)). As such, any claims Plaintiff, an individual citizen, brings under this code or statute must be dismissed.

### 6.    54 U.S.C. § 100722

Plaintiff cites 54 U.S.C. § 100722. This is under Title 54 of the U.S. Code, which is entitled National Park Service and Related Programs. This specific section, § 100722, refers to "liability" and, more specifically, "any person that destroys, causes the loss of, or injures any System unit resource[.]" Title 54 is a re-codified version of what was formerly the National Historic Preservation Act (NHPA). "The NHPA has been repealed and recodified at Title 54 of the United States Code, 'except with respect to rights and duties that matured, penalties that were incurred, or proceedings that were begun before the date of enactment of [the recodification].'" *Battle Mountain Band v. U.S. Bureau of Land Mgmt*, No. 16-cv-0268, 2016 WL 4497756, n. 11 (D. Nev. Aug. 26, 2016) (citing PUB. L. NO. 113–287, § 7, 128 STAT. 3272, 3272–73 (2014)). In its prior form, "The NHPA itself does not provide for a private right of action." *Battle Mountain Band*, 2016 WL 4497756, at *6 (citing *San Carlos Apache Tribe v. United States*, 417 F.3d 1091, 1099 (9th Cir. 2005) (NHPA Section 106 "does not give rise to a 'private' right of action against the federal government.")). *See also Dine Citizens Against Ruining Our*

*Environment v. Jewell*, No. 15-0209, 2015 WL 4997207, at \*37-39 (D. New Mexico Aug. 14, 2015).

Regardless of whether the re-codified version of this act provides a private right of action, and the language of the statute reveals nothing to suggest that it does, any claim brought under this statute is nonetheless frivolous. Nothing in Plaintiff's Complaint refers to a national park or the use of national land or resources. As such I suggest any claims brought under this statute may rightly be dismissed as frivolous.

### 7.    18 U.S.C. § 642

"A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action." *Boyd v. Wilmington Trust Co.*, 630 F. Supp. 2d 379, 385 (D. Del. June 24, 2009) (citing *Hill v. Didio*, 191 Fed. Appx. 13, (2d Cir. 2006)). "The sections under Title 18 wherein Plaintiff seeks relief are criminal statutes and do not provide, explicitly or implicitly, private civil causes of action." *Id.* (citing *Hill v. Didio*, 191 Fed. Appx. at 14 (nothing in the language or structure of 18 U.S.C. § 645 suggests that Congress intended to create a private right of action); *Fisher v. Conseco Fin. Co., Inc.*, No. 3:07cv266/RV/MD, 2007 WL 3012881, at \*3 (N. D. Fla. Oct. 12, 2007) (there is no private civil right of action under 18 U.S.C. § 642)). The same is true here and any claims Plaintiff brings under this statute must be dismissed.

### 8.     18 U.S.C. 1967

This statute cited by Plaintiff "govern[s] procedural matters in [civil RICO cases]. . . .18 U.S.C. § 1967 [] giv[es] the court discretion to have the proceedings be open or closed to the public[.]" *Prindle v. Lewis*, No. 10-cv-1217, 2010 WL 4628077, at *4 (N.D. Tex. Oct. 8, 2010). As the court held in *Prindle*, here, any claim brought under this procedural statute should be dismissed as frivolous. *Prindle*, 2010 WL 4628077, at *4.

### 9.     18 U.S.C. § 10

This statute, as cited by Plaintiff, provides the definition of "interstate commerce;" It reads, in its entirety, "The term 'interstate commerce', as used in this title, includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia. The term 'foreign commerce', as used in this title, includes commerce with a foreign country." 18 U.S.C. § 10. This does not provide a right of private action as its language neither provides for a private right nor a private remedy. *See, e.g., Carter v. CrossCountry Mortgage, Inc.*, No. 18-12717, 2019 WL 3958275, at *5 (E.D. Mich. Aug. 21, 2019). Any claims brought under this statute should be dismissed.

### 10.    18 U.S.C. § 1028

Neither does 18 U.S.C. § 1028 provide for a private right action under which Plaintiff may bring a claim. *See Dorr v. Ford Motor Co.*, No. 10-cv-13822, 2011 WL 5857886, at *9 (E.D. Mich. Sept. 27, 2011) (referring to 18 U.S.C. § 1028, "[a]bsent a criminal statute specifically providing for a private right of action—which these do not—'Only the United States,

8

through a federal Grand Jury or a United States Attorney, has the authority to file a complaint against individuals for violation of criminal statutes.' *Booth v. Elliott*, No. 00–1648–ST, 2000 WL 33948585 (D. Or. Jan. 10, 2000); *American Postal Workers Union v. Independent Postal System*, 481 F.2d 90, 92 (6th Cir.1973) ('[T]he general rule is that a private right of action is not maintainable under a criminal statute.')"). The claims brought under this statute should also be dismissed.

### 11.    4th Amendment

Plaintiff also raises the Fourth Amendment as against Defendants, who are, importantly, private individuals and employees of various healthcare facilities. "The Fourth Amendment 'is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" *United States v. Castaneda*, 997 F.3d 1318, 1327-28 (11th Cir. May 19, 2021) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984); *see also United States v. Steiger*, 318 F.3d 1039, 1045 (11th Cir. 2003) ("A search by a private person does not implicate the Fourth Amendment unless he acts as an instrument or agent of the government."). As Plaintiff cites no government agents, any claims under this cause of action must also be dismissed.

### 12.    Mich. Comp. Laws 750.344, 750.544, 750.349.1

Turning to the Michigan state statutes cited by Plaintiff, this Court must consider that the undersigned has recommended dismissal of all federal claims at this point. "A district court may assert supplemental jurisdiction over claims that 'form part of the same case or controversy' over

which a district court has original jurisdiction." *Blocktree Properties, LLC v. Public Utility District No. 2 of Grant County Washington*, 447 F. Supp. 3d 1030, 1046 (E.D. Wash. Mar. 12, 2020); 28 U.S.C. § 1367(a). "However, if a district court dismisses all claims over which it has original jurisdiction, the court 'may decline to exercise supplemental jurisdiction' over the remaining claims." *Id.*; 28 U.S.C. § 1367(c)(3). "If all original jurisdiction claims are dismissed before trial, it is common practice to decline to exercise jurisdiction over any remaining state law claims." *Id*. (citing *Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1001 (9th Cir. 1997). In light of the recommended dismissal of the federal claims in this case, I suggest the Court decline to exercise jurisdiction over these remaining state claims.

### D. Conclusion

For these reasons, I recommend the Complaint be *sua sponte* **DISMISSED**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not

preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 23, 2021                                     S/ PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge

11